### CANDELARIA MINING CO. v. JUAREZ CO.

(Circuit Court, S. D. New York. November 11, 1907.)

**EQUITY—GROUNDS FOR RELIEF—FRAUD—PLEADING.**

A bill by one corporation against another *held* to state a cause of action for equitable relief, where it prayed for an accounting and alleged fraud by the president of defendant, who was also general manager of complainant, which fraud was known to defendant and by which it benefited, but which was concealed from complainant through the dual relationship of defendant's president to the parties.

In Equity. On demurrer to bill.

Frank L. Crawford, Gilbert H. Crawford, and Joseph H. Goodwin, for complainant.

Spencer, Ordway & Wierum, Samuel H. Ordway, and William Ferguson, for defendant.

HAZEL, District Judge. I think the complainant upon the facts alleged in the bill has a right to equitable relief. The defendant must answer the bill which alleges fraud by the president of the defendant, who was also for a period of about six years the general manager of the complainant, by which fraud the defendant was benefited. It is alleged that there was a concealment of the fraud which resulted from the dual responsibilities and duties of the president of the defendant and general manager of the complainant, that the defendant has had exclusive custody and control of the books containing the business transactions between the parties, and that therefore such misconduct of the defendant was only recently discovered. The bill also asks for an accounting.

I have examined the material authorities cited in the briefs, and am satisfied that the averments of the bill justify the equity jurisdiction of the court. Certainly the asserted facts would indicate the necessity of an accounting of the dealings and transactions between plaintiff and defendant during the period for which Davis acted for both corporations. The fraud alleged to have been committed with the knowledge and consent of the defendant would seem to bring the case within the class of cases which raise a constructive trust. I have considered the point regarding complainant's delay in bringing the suit, but under the doctrine of Kirby v. Lake Shore, etc., Rd. Co., 120 U. S. 130, 7 Sup. Ct. 430, 30 L. Ed. 569, it cannot be sustained.

The demurrer is overruled, with costs, with leave to the defendant to interpose an answer within 20 days.